| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>JERROLD S. KULBACK (JK2505)<br>JENNIFER L. DERING (JS4008)<br>ARCHER & GREINER<br>A Professional Corporation<br>One Centennial Square<br>Haddonfield, NJ  08033-0968<br>Tel: (856) 795-2121<br>Fax: (856) 795-0574<br>Attorneys for Arrendale Associates, Inc. | |
| In re:<br><br>CHRIST HOSPITAL, a New Jersey not-for-profit corporation,<br><br>                Debtor. | Chapter 11<br><br>Case No: 12-12906 (TBA) |
| BERNARD A. KATZ, as Trustee of the Christ Hospital Liquidating Trust,<br><br>                Plaintiff,<br>v.<br><br>ARRENDALE ASSOCIATES, INC.,<br><br>                Defendant. | Adversary No. 14-01103 (TBA) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
ARRENDALE ASSOCIATES, INC. TO COMPLAINT TO AVOID AND RECOVER
TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. § 547 and 550
<u>AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)</u>**

Defendant, Arrendale Associates, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint to Avoid and Recover Transfers of Property Pursuant to 11 U.S.C. § 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d) filed by

Plaintiff, Bernard A. Katz, Trustee of the Christ Hospital Liquidating Trust ("Plaintiff") in the above captioned adversary proceeding as follows:

## NATURE OF THE ACTION

1. This allegation states conclusions of law for which no response is required. To the extent that a response may be required, this allegation is denied, and Defendant leaves Plaintiff to its proof thereof.

## THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

4. Admitted.

## JURISDICTION AND VENUE

5. This allegation states conclusions of law for which no response is required. To the extent that a response may be required, this allegation is denied, and Defendant leaves Plaintiff to its proof thereof.

6. This allegation states conclusions of law for which no response is required. To the extent that a response may be required, this allegation is denied, and Defendant leaves Plaintiff to its proof thereof.

7. This allegation states conclusions of law for which no response is required. To the extent that a response may be required, this allegation is denied, and Defendant leaves Plaintiff to its proof thereof.

8. This allegation states conclusions of law for which no response is required. To the extent that a response may be required, this allegation is denied, and Defendant leaves Plaintiff to its proof thereof.

## BACKGROUND

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

14. Denied as stated.

## COUNT ONE
### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

15. Defendant incorporates its responses to the prior allegations as if fully set forth at length herein.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

3

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

22. Denied.

### COUNT TWO
### (Recovery of Transfers Pursuant to 11 U.S.C. § 550)

23. Defendant incorporates its responses to the prior allegations as if fully set forth at length herein.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

25. Denied.

### COUNT THREE
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

26. Defendant incorporates its responses to the prior allegations as if fully set forth at length herein.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Plaintiff to its proof thereof.

28. Denied.

WHEREFORE, Defendant demands dismissal of the Complaint with prejudice, costs, attorneys' fees and such other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by lack of personal jurisdiction.

2. Plaintiff's claims are barred in whole or in part by lack of subject matter jurisdiction.

3. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or repose.

5. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, res judicata and/or collateral estoppel.

6. All payments received by Defendant from the Debtor which the Plaintiff seeks to avoid and recover are non-avoidable transfers under the Bankruptcy Code and/or other applicable law.

7. All payments received by Defendant from the Debtor which the Plaintiff seeks to avoid and recover were authorized by the provisions of the Bankruptcy Code, by the Court and/or by other applicable law.

8. All payments received by Defendant from the Debtor were made for reasonably equivalent value and in good faith.

9. All payments received by Defendant from the Debtor which the Plaintiff seeks to avoid and recover were in payment of a debt incurred in the ordinary course of business between the Plaintiff and the Defendant and made in the ordinary course of business or financial affairs of the Plaintiff and the Defendant or made according to ordinary business terms.

10. After the occurrence of all payments received by the Defendant from the Debtor which the Plaintiff seeks to avoid and recover, Defendant extended new value to or for the benefit of the Plaintiff not secured by an otherwise unavoidable security interest, and on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

11. Defendant is entitled to all defenses under, *inter alia*, 11 U.S.C. §§ 547 - 550, and other applicable law, and to require Plaintiff to prove each and every element of Plaintiff's causes of action.

12. Defendant's Answer and Affirmative Defenses are based on currently available information. Defendant explicitly reserves the right to revise, amend and/or supplement its Answer and/or Affirmative Defenses during the course of this litigation.

                ARCHER & GREINER
                A Professional Corporation
                Attorneys for Defendant, Arrendale Associates, Inc.

Dated: March 28, 2014        By: /s/ Jennifer L. Dering    .
                                         Jennifer L. Dering

10890013v1